FILED
CLERK, U.S. DISTRICT COURT

5/11/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: ____kss____ DEPUTY

.MAY 11, 2026

THE HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
350 WEST 1ST STREET
LOS ANGELES, CA 90012

Re: United States v. Michael David Coberg, Docket No. 2:25-CR-767-PA

Dear Judge Anderson:

Defendant, appearing pro se, respectfully submits this consolidated emergency-motion to (1) admit him to bail pending habeas review, (2) vacate his conviction and sentence, pursuant to 28 U.S.C. 2255, and (3) appoint CJA counsel, pursuant to 18 U.S.C. 3006A(g). For the reasons stated hereinafter, this motion should be granted in its entirety.

I.    Background & Relevant Facts.

On September 16, 2025, a two-count Information was filed in the Central District of California charging Defendant with Conspiracy to commit Hobbs Act Extortion, in violation of 18 U.S.C. 1951(Count One), and Conspiracy to violate another's Civil Rights, in violation of 18 U.S.C. 241(Count Two). That same day, a written plea agreement that was filed with the Court. On September 22, 2025, Defendant made his initial appearance, waived his constitutional right to

be prosecuted by indictment, and was released on a $50,000.00 Personal Recognizance Bond. On September 29, 2025, Defendant entered a plea of guilty to both counts. On March 16, 2026, Defendant was sentenced to a term of 63 months imprisonment. The Court also ordered restitution in the amount of $127,000, representing the amount transferred to Adam Iza ("Iza") by an individual referred to in the Information as "Victim L.A." No appeal was filed, and counsel did not consult Defendant regarding an appeal.

Count One of the Information attempts to allege an extortion conspiracy of a single victim ("Victim L.A."). The Information provides, in relevant part, that "[t]o coerce [Victim L.A.] who had a monetary dispute with Iza into relinquishing property, Iza would arrange for [Victim L.A.] to travel to Iza's home and be escorted to his office by defendant and other security guards where defendant and Iza would confront [Victim L.A.]. Iza would have firearms, including an assault rifle, present and visible to [Victim L.A.] entering the office." See, Information at 5, Para. 11(e) (Doc. No. 1 [Sept. 16, 2025]). "In other efforts to extort [Victim L.A.] with whom [Iza] had monetary disputes, Iza would have defendant escort [Victim L.A.] to Iza's private shooting range in Iza's basement and leave [Victim L.A.] there alone with Iza. Iza would then point a firearm at [Victim L.A] and demand that [Victim L.A.] transfer money to Iza, which [Victim L.A.] would do." Id. at 5, Para. 11(g). The Information further alleges that Victim L.A. transferred $127,000 to an account controlled by Iza in response to Iza's gunpoint demand. See, id., at 7 ("Overt Act No. 8").

Count Two of the Information alleged a conspiracy to violate the civil rights of an individual identified as "Victim R.C." In short, according to the Information, Iza, Defendant, and others agreed to arrange for a vehicle being operated by one of the alleged coconspirators to be pulled over by law enforcement for the purpose of having Victim R.C. arrested for his unlawful possession of controlled substances. According to the Information, Iza would provide the funds to allow for Victim R.C. to purchase controlled substances, which Victim R.C. did subsequently purchase. Victim R.C. was then arrested after a vehicle in which he had been traveling was pulled over by one of the alleged conspirators (a deputy sheriff) who was on-duty at the time of the stop, search, and arrest. Based on defense counsel's representations to Defendant he believed he was guilty of each offense charged in the Information.

Immediately following his voluntary surrender to begin serving his sentence, Defendant would discuss this case with a fellow prisoner with a long history of providing legal assistance to federal prisoners. During those conversations, Defendant learned that the assistance he received from defense counsel was substandard and deprived him of the counsel guaranteed by the Sixth Amendment of the U.S. Constitution. As a result, Defendant now seeks an order releasing him on bail, vacating the judgment and dismissing the Information. In addition, Defendant seeks the appointment of counsel.

II.    Arguments & Authorities.

A.    DEFENDANT SHOULD BE RELEASED ON BAIL PENDING THE DISPOSITION OF HIS 28 U.S.C. 2255 MOTION

Defendant seeks an order releasing him on bail pending disposition of his 28 U.S.C. 2255 motion. In United States v. Baca, No. 16-CR-66-PA, 20-CV-1167-PA, 2020 U.S. Dist. LEXIS 62006 (C.D. Cal. Apr. 5, 2020), your Honor observed that bail pending a 28 U.S.C. 2255 motion is available in "extraordinary cases involving special circumstances or a high probability of success." 2020 U.S. Dist. LEXIS 62002, at *8 (quoting United States v. McCandless, 841 F.3d 819, 822 (9th Cir. 2016)); see also Land v. Deeds, 878 F.2d 318, 318 (9th Cir. 1989). Defendant submits that there are both "special circumstances" and a "high probability of success" warranting the grant of bail.

As set forth hereinafter, Defendant's guilty plea was the product of ineffective assistance of counsel, and the conduct alleged as a factual basis for the offenses did not fall within the ambit of the provision of the statutes allegedly violated. Arguably, the Court was without jurisdiction. To be sure, Count One of the Information alleged facts which conclusively and indisputably constituted a robbery, while alleging extortion. Count One alleged, in substance and in part, that Victim L.A. had been compelled to transfer a total of $127,000 to an account controlled by Iza immediately after Iza held Victim L.A. at gunpoint and demanded that he transfer the funds to Iza. On these facts, the conduct constituted a robbery -- not an extortion. Notably, the Court imposed an order of restitution in the amount transferred to Iza by Victim L.A.  Defendant is

therefore actually innocent of conduct falling within the definition of extortion, and his attorneys were ineffective in advising him to enter a plea of guilty instead of seeking dismissal and/or trial.

As to Count Two, Defendant entered a plea of guilty to Conspiracy to Violate the Civil Rights of Victim R.C. by allegedly agreeing with others to have Victim R.C. arrested for possessing a controlled substance paid for by Iza. It cannot be disputed that the funds provided by Iza were used by Victim R.C. to purchase drugs, which would later be found in the vehicle in which he was travelling Victim R.C. did not have any right to purchase (irrespective of the source of the funds) nor possess the controlled substances recovered after a pre-arranged car stop. Victim R.C. was a passenger, not the operator/owner of the vehicle. Consequently, the factual basis for Count Two did not fall within the ambit of the statute allegedly violated. Thus, Defendant is actually innocent and he was denied effective assistance of counsel rendering his guilty plea, conviction, and sentence invalid.

It is indisputable that on the record before the Court, Defendant is actually innocent and there is a substantial likelihood of success on the merits of his 28 U.S.C. 2255 motion. Defendant's continued confinement present a uniquely special/extraordinary case warranting his release on bail. It should also be noted that Defendant was previously released on bail, and allowed to self-surrender for service of his sentence. It therefore goes without saying that he would neither be a risk of flight nor a danger to any other person, or the community, if released on bail.

B.    DEFENDANT'S CONVICTION MUST BE VACATED SINCE HIS GUILTY PLEA WAS UNCONSTITUTIONAL

"In general, [28 U.S.C.] 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). As your Honor has observed, "[a] motion filed pursuant to [section] 2255 must allege specific facts which, if true, would entitle a petitioner to relief." Molina v. United States, Nos. 24-CV-2296-PA, 21-CR-545-PA, 2025 U.S. Dist. LEXIS 22698, at *9 (C.D. Cal. Feb. 6, 2025)(citing United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003). "Unless the motion and files and records of the case conclusively show that the petitioner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. (quoting 28 U.S.C. 2255(b)).

Defendant submits that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment, resulting in a guilty plea that was neither knowing, voluntary, nor intelligent. But for counsel's unprofessional errors, Defendant would never have entered a plea of guilty, and would have insisted that counsel seek dismissal of the Information and/or proceed to trial.

Ineffective assistance of counsel claims are evaluated under the two-prong test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on such a

claim, a petitioner must demonstrate both (1) that counsel's actions fell outside the range of professionally competent assistance, and (2) that petitioner suffered prejudice as a result. Id. at 687-90; see also United States v. Leonti, 326 F.3d 1111, 1120-21 (9th Cir. 2003); Anderson v. Calderon, 232 F.3d 1053, 1084 (9th Cir. 2000); United States v. Allen, 157 F.3d 661, 665 (9th Cir. 1988). The first prong of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. In the context of a guilty plea, a defendant must show that, but for counsel's unprofessional errors, he would not have entered a plea of guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In the present case, Defendant entered a plea of guilty to conspiracy to commit extortion, although the factual basis for the offense conclusively demonstrates that it was actually a "robbery" (not an extortion, nor extortion agreement) that occurred. In order to establish a Hobbs Act Extortion Conspiracy the Government must establish that "each conspirator must have specifically intended that some conspirator commit each element of the substantive offense." Ocasio v. United States, 578 U.S. 282, 292 (2016). "The main difference between robbery and extortion is consent and force." United States v. Watson, 778 F. App'x 340, 344 (6th Cir. 2019) (citing Ocasio, 578 U.S. at 296). "Robbery occurs when property is taken from the victim 'against his will.'" Watson, 778 F. App'x at 344. "Extortion occurs when a victim gives up the property 'with his consent.'" Id. (quoting 18 U.S.C. 1951(b)(2)).

As the narrative set forth in the Information makes clear, Iza used firearms in order to take from Victim L.A. the $127,000.00 he successfully obtained after holding Victim L.A. at gunpoint and demanding that he transfer the funds. It should go without saying that the level of force employed by Iza in taking the $127,000.00 from Victim L.A. rendered Victim L.A.'s relinquishment of the property "against his will" and, consequently, a "robbery, not an extortion. That Victim L.A. moved from one area of Iza's residence in order to effectuate the wire transfer is of no relevance to the question of whether this was a robbery or an extortion.

One would never say that a bank robber who displays a firearm to a bank teller, demands money, and then escorts the teller to another area of the bank where the teller hands over to the robber a sum of cash, has not committed a bank "robbery," or that an extortion had occurred. The same is true here. Iza committed a robbery, not an extortion, and nothing in the record established an intention on the part of this Defendant that at least one member of the alleged conspiracy commit each element of the substantive extortion offense, as required by Ocasio, supra.

"To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Clemons v. United States, No. 25-CV-4283-PA, 23-CR-484-PA, 2025 U.S. Dist. LEXIS 494205, at *5 (C.D. Cal. Oct. 24, 2025)(quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). The record conclusively establishes that Defendant is actually innocent of the extortion conspiracy to

which he entered a plea of guilty, inasmuch as the facts establish a robbery -- not an extortion, nor an extortion conspiracy.

Defendant's guilty plea to Count Two of the Information is also the result of being denied his Sixth Amendment right to Effective Assistance of Counsel, and therefore void. Nothing alleged in the Information establishes a violation of Victim R.C.'s rights. In fact, no constitutional rights appear to have been implicated especially since the driver of the vehicle in which Victim R.C. was a passenger consented to the search of the vehicle and its contents. As a passenger in the vehicle Victim R.C. had neither possessory interest in the vehicle, nor standing to contest the search of the car. See, United States v. Pulliam, 405 F.3d 782, 786 (9th Cir. 2005).

In Screws v. United States, 325 U.S. 91, 107 (1945), the Supreme Court interpreted 18 U.S.C. 242 to require more than a "general bad purpose," but also the specific "purpose to deprive the [victim] of a constitutional right." Id. The Court later read the same "specific intent" element into 18 U.S.C. 241. See, Anderson v. United States, 417 U.S. 211, 223 (1974); United States v. Kim, 857 F. App'x 375, 375 (9th Cir. 2021). Victim R.C. had no right to possess the drugs that he himself had purchased (albeit with funds provided by Iza) and possessed at the time of the arranged arrest. In essence, what occurred here was tantamount to a reverse sting operation. It should be noted that Victim R.C. (a narcotics trafficker) also possessed a controlled substance in his backpack which was inside the vehicle. He did not have a reasonable

expectation of privacy in the contents of that backpack at the time of the search, since the car and its contents were subject to search. See, e.g., Colorado v. Bertine, 479 U.S. 367, 374 (1987).

Nothing in the Information, or the record, establishes a specific intent on the part of this Defendant to violate Victim R.C.'s constitutional rights. At the time of his guilty plea, Defendant did not understand that his conduct fell outside the reach of Section 241, and but for counsel's effective misrepresentations, he would not have entered a plea of guilty. Instead, he would have insisted that counsel pursue a motion to dismiss the Information, and/or proceed to trial.

Accordingly, the judgment of conviction and sentence imposed in this case must be vacated, and the Information should be dismissed with prejudice.

## C.    DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING

"The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding." Lafler v. Cooper, 566 U.S. 156, 165 (2012). "Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in Strickland prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" Id. (quoting Glover v. United States, 531 U.S. 198, 203 (2001)).

This case commenced with the filing of an Information on September 16, 2025. A plea agreement was also filed on that date, indicating Defendant's commitment to resolving this case expeditiously. Defendant waived his right to an indictment, and he entered a plea of guilty to both counts in the two-count Information on September 29, 2025, sparing both the Court and the Government much needed and scare resources. On March 16, 2026, he was sentenced to a 63 month term of imprisonment -- the higher end of the sentencing range. In fashioning the sentence, the Court did not consider the unprecedented timely resolution of this case, and the considerable judicial and governmental resources that were spared by Defendant's extraordinary acceptance of responsibility. Indeed, defense counsel failed to seek any consideration for this extraordinary acceptance of responsibility, and thereby deprived Defendant of his Sixth Amendment right to Effective Assistance of Counsel during the sentencing stage of this case. Had counsel advocated on behalf of Defendant for consideration of this significant mitigating factor, there is a substantial likelihood that the Court would have imposed a more favorable sentence.

The Ninth Circuit has made it abundantly clear that a district court may consider a defendant's extraordinary acceptance of responsibility in fashioning an appropriate sentence. See, United States v. Brown, 985 F.2d 478, 482 (9th Cir. 1993)("The mere existence of section 3E1.1(a) does not preclude the sentencing court from making an additional departure in the case where the defendant manifests an extraordinary acceptance of responsibility."); see, e.g., United States v. Acor, No. 2:22-CR-00036-GMN-DJA, 2023 U.S. Dist. LEXIS 222637, at *2 (D. Nev. Dec. 13, 2023)(The Government requested, and the Court granted, a downward variance

"because the Defendant entered 'a guilty plea prior to indictment and saved the government substantial resources and showed a strong acceptance of responsibility by doing so.'").

In the present case, Defendant demonstrated an extraordinary acceptance of responsibility and it was incumbent upon counsel -- his advocate -- to seek a downward variance and/or departure based on this significant mitigating factor. Counsel dropped the ball and failed to do so, depriving Defendant of an appropriate and just sentence, and his right to effective assistance of counsel. Consequently, an order vacating the sentence, and reducing the term imposed, should issue in the interest of justice and to prevent manifest injustice.

D.    COUNSEL DEPRIVED DEFENDANT OF AN APPEAL THAT HE WOULD HAVE PURSUED

Following the imposition of the sentence, Defendant expressed his displeasure with the sentence, especially since he reasonably believed (based on conversations with counsel prior to the guilty plea and sentencing) that he was likely to receive a sentence of no greater than two years imprisonment. Defendant expressed his displeasure and requested information from counsel on what steps to take next. Counsel failed to advise or to consult Defendant regarding the appeal, even though the Court advised that any appeal would have to be filed within 14 days.

Counsel's failure to consult Defendant regarding an appeal violated his Sixth Amendment right. See, Roe v. Flores-Ortega, 528 U.S. 470, 477-78 (2000). Had counsel consulted Defendant

12 of 14

regarding the appeal, Defendant would have filed an appeal and challenged, inter alia, the application of the Hobbs Act Extortion provision to his alleged offense conduct.

For the reasons stated, the Court should vacate the sentence imposed, and resentence Defendant to allow for an appeal to be taken from the judgment.

III.    Conclusion.

Defendant having demonstrated that there is a substantial likelihood of success on the merits of his challenges to the conviction and sentence imposed in this case, an order admitting him to bail on such conditions as the Court deems appropriate should issue forthwith. Further, the Court should appoint counsel, and grant substantive relief in the interest of justice, and to prevent a complete miscarriage of justice.

WHEREFORE, Defendant prays that an order granting this emergency motion will issue forthwith.

IV.    Verification.

MICHAEL DAVID COBERG does hereby verify, state, and declare, under penalty of perjury, and pursuant to 28 U.S.C. 1746, that the facts set forth heretofore are true and correct to the best of his knowledge, belief, and recollection.

13 of 14

Respectfully submitted,


/s/ Michael David Coberg
MICHAEL DAVID COBERG
REGISTER NO. 50499-512
FCI DANBURY
33 1/2 PEMBROKE ROAD
DANBURY, CT 06811