UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

      vs.

MICHAEL DAVID COBERG,

      Defendant-Petitioner.

_____/

Docket No. 25-CR-767-PA



FILED
CLERK, U.S. DISTRICT COURT

May 29, 2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### DEFENDANT'S PRO SE MOTION TO REDUCE HIS SENTENCE FOLLOWING VACATUR OF SENTENCE

Defendant, MICHAEL DAVID COBERG, appearing pro se, respectfully submits this motion to reduce his term of imprisonment, and for such other relief as the Court may deem just and proper. In support of this motion, Defendant would show the Court as follows:

(1)    On May 11, 2026, Defendant submitted a pro se motion to vacate his conviction and sentence in the above captioned case. The motion raised several grounds for relief. That same day, the Court issued an order directing the Government to inform the Court in writing as to whether it would consent to the vacatur of the sentence, and re-imposition of the judgment to afford Defendant an opportunity to take an appeal, in accordance with Ninth Circuit precedent, citing United States v. Sandoval-Flores, 409 F.3d 1193, 1197 (9th Cir. 2005). The Court directed that such a response from the Government be filed no later than May 26, 2026. The Court also directed that all future filings by Defendant be done via traditional mail, and not by email. In an effort to ensure timely receipt of this time-sensitive application, Defendant prematurely submits this in anticipation of the Government consenting to the vacatur of the sentence.

(2)    Defendant is mindful that he would not be entitled, as a matter of law, to de novo resentencing, should the Government elect to consent to vacatur of the judgment. However, Defendant respectfully submits that the Court can discern of a reason for reducing the term of imprisonment, and for that matter Defendant's term of imprisonment should be reduced, in the interest of justice.

(3)    As submitted in his initial motion, Defendant has demonstrated an extraordinary acceptance of responsibility, which resulted in the preservation of scarce and much needed judicial and governmental resources. However, in fashioning an appropriate sentence in this case, the Court did not consider this exceptional mitigating factor. This case was resolved in the most expeditious manner, sparing the Government the burden and expense of convening a grand jury. The Defendant submits that this case represents an unprecedented acceptance of responsibility which warrants revisiting the sentence imposed, and the Court should do so here.

(4)    When a defendant has been denied his right to an appeal, by virtue of counsel's ineffectiveness, a district court is permitted to resentence the defendant to a lower term of imprisonment where the Court can discern of such a reason to do so. See, Garcia v. United States, 278 F.3d 134, 138 (2d Cir. 2002)(cited with approval in United States v. Yi, 2007 U.S. Dist. LEXIS 115164, at *5 (C.D. Cal. July 27, 2007). Such a resentencing is appropriate here.

(5)    It bears noting that, should the Government consent to the vacatur of the sentence and re-imposition of the judgment, the Court should still dispose of no fewer than all of the claims presented in the original motion. This is so because to do so would deprive the Ninth Circuit of jurisdiction over any appeal therefrom. See, M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1089 (9th Cir. 2011)("An order that adjudicates fewer than all claims of all parties is not final."); Deciding all of the issues raised is the appropriate course of action. See, e.g., Contreras v. United States, Nos. 19-CR-55 MWF, 22-CV-4263-MWF, 2023 U.S. Dist. LEXIS 113743 (C.D. Cal. June 29, 2023)(deciding all issues raised in Section 2255 motion, along with ineffective assistance of counsel claim regarding failure to file an appeal); United States v. Jeter, 2025 U.S. Dist. LEXIS 195347, at *57 (D. Haw. Sept. 30, 2025).

WHEREFORE, premises considered, Defendant prays that an order granting this motion will issue forthwith, in the interest of justice.

Dated: Danbury, Connecticut
       May 26, 2026

Respectfully submitted,

/s/ Michael David Coberg

MICHAEL DAVID COBERG
REGISTER NO. 50499-512
FCI DANBURY
33 1/2 PEMBROKE ROAD
DANBURY,CT 06811

CERTIFICATE OF SERVICE

This shall certify that a true and correct copy of this motion has been furnished upon the Office of the United States Attorney for the Central District of California, on this 26th day of May, 2026, by my having placed same in the United States Mail, postage prepaid.

/s/ Michael David Coberg

MICHAEL DAVID COBERG

-2-

Case 2:25-cr-00767-PA    Document 37    Filed 05/29/26    Page 3 of 4    Page ID #:229

Michael David Coberg
(Reg. No. 50499-512)
FCI Danbury
33 1/2 Pembroke Road
Danbury, CT 06811

WESTCHESTER NY  105

26 MAY 2026  PM 4  L

1775 ★ 2025

UNITED STATES
OF AMERICA
FOREVER/USA

CR

RECEIVED
CLERK, U.S. DISTRICT COURT

MAY 29 2026

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Pro Se Clerk
United States District Court
Central District of California
255 East Temple Street, Room 180
Los Angeles, CA 90012

90012-354760